## UNITED STATES v. 150.29 ACRES OF LAND IN MILWAUKEE COUNTY, WIS., et al.

## LAKESIDE LABORATORIES, Inc., v. ELINE'S Inc.

### No. 8580.

Circuit Court of Appeals, Seventh Circuit.

March 5, 1945.

Rehearing Denied March 22, 1945.

James D. Shaw, Francis H. Parson, Shaw, Muskat & Paulsen and Backus & Parson, all of Milwaukee, Wis., for appellant.

Malcolm K. Whyte, Victor M. Harding, Jr., and Gerald P. Hayes, all of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Eline's Inc., appellant herein (hereinafter called Eline), was the owner of 91.20 acres of land located in Milwaukee County, Wisconsin, improved by a large group of buildings. Certain buildings and parts of buildings were occupied by various tenants. The Lakeside Laboratories, Inc. (hereinafter called Lakeside), held a lease upon a one story cafeteria building of approximately 13,200 square feet. The original lease was entered into on August 11, 1939, and was for a period of five years; but to accommodate an expanding business, certain modifications of the lease were later entered into, extending the term of the lease to October 1, 1948, and giving to Lakeside the privilege of erecting at its own expense an annex to the cafeteria building. This improvement was subsequently made by Lakeside at a cost in excess of $21,000, and there were some modifications in the rental to be paid, none of

which have any particular importance in this proceeding. Under the terms of the modified agreement, the buildings placed upon the property by Lakeside were, upon termination of the lease, to become the property of the lessor, Eline. Lakeside also held a lease upon a portion of the first and second floors of what is called the "Sugar Building," but this lease contained a provision for cancellation upon 90 days notice, and, therefore, played an unimportant part in these proceedings.

On April 20, 1942, the United States filed its petition to condemn the property owned by Eline, and on the same date the District Court entered an order for immediate possession of the unoccupied portion of the premises and directed that possession be given of the portion occupied by Lakeside on April 30, 1942. Later a meeting was had between certain persons representing the United States government and certain of the tenants, including Lakeside, at which it was agreed that Lakeside should vacate the portion of the property occupied by it on July 1, 1942, and Lakeside did so vacate. On July 16, 1942, the United States and Eline entered into a written option for the purchase by the Government of the property involved at the stipulated sum of $2,290,000. It was provided in this agreement that upon payment of this sum by the government, Eline would execute and deliver to the United States a special warranty deed to the property in question. It was also provided that if the United States did not wish to take title by deed from Eline that the option agreement might be filed in the condemnation proceeding and the option price should be the compensation to be awarded for the entire property. On November 10, 1942, the government filed a declaration of taking and paid the sum of $2,290,000 into the registry of the Court, and elected to acquire title to the property under the condemnation proceeding rather than by a voluntary conveyance under the terms of the option agreement. The present proceeding is one in which the government is no longer interested, but is a controversy between Eline and Lakeside to determine the fair compensation, if any, to be paid to Lakeside for its leasehold interest, it being conceded by Eline that whatever sum is to be paid Lakeside must be deducted from the sum paid by the government into court. Upon a trial in the District Court the jury fixed the value of the Lakeside

leasehold at $48,331.35, and the court entered judgment upon the verdict.

The principal controversy grows out of the construction of two clauses of the lease between Eline and Lakeside, for convenience referred to by the parties as the "condemnation" clause and the "sale" clause. It is also urged by Eline that the option agreement entered into with the government would in itself amount to a sale of the premises in question and would, therefore, bring the sale clause into operation. Other questions presented by the appeal go to alleged errors of the trial court in the admission of evidence and to the correct measure of damages.

 With minor variations the condemnation clause and the sale clause in the Lakeside lease are identical with the condemnation and sale clauses in the lease between Gaylord Container Corporation, another tenant, and Eline which were before this Court for construction and disposed of by us in an opinion this day announced in case No. 8577, United States v. 150.29 Acres of Land, etc., et al., 148 F.2d 33. The questions here raised by the option agreement, the correct measure of damages to be applied to a leasehold interest, and the admission of evidence, are likewise in all substantial respects the same as those before us in the Gaylord case. We there held that the condemnation and sale clauses had no application to the present condemnation proceeding and that the option agreement did not operate to bring the sale clause into action. The holding here is the same. We also held in that case, as we hold here, that the trial Court adopted the correct measure of damages and that in view of the Court's considered and elaborate instructions to the Jury on the proper application of the evidence that the jury could not have been misled. The Court's instructions to the jury in the instant case were in all respects similar to those given in the Gaylord case, and in view of their clarity could not have left any misunderstanding with the jury as to the proper application of the evidence. For further elaboration upon the points here involved we refer to case No. 8577, supra.

Judgment affirmed.

EVANS, Circuit Judge, dissenting. This appeal presents legal and factual issues similar to those presented in the case of Gaylord Container Corporation v. Eline's

Inc., this day decided. For the reasons given in that case, I think the limitations fixed by the parties in the lease there involved, in case of sale, govern. A judgment in excess of the agreed upon sum should not be sustained.